UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SHELBY EAGEN and JEFFERY LAFOUNTAIN, individually and as surviving parents of L.L., deceased,<br><br>  Plaintiffs,<br><br>v.<br><br>KIRKSVILLE MISSOURI HOSPITAL COMPANY, LLC, and UNITED STATES OF AMERICA,<br><br>  Defendants. | Case No. 2:20-CV-56-SPM |

## **MEMORANDUM AND ORDER**

This matter is before the Court on two motions: (1) the Petition for Approval of Wrongful Death Settlement (Doc. 47) filed by Plaintiffs Shelby Eagen and Jeffrey LaFountain ("Plaintiffs"); and (2) the Joint Motion for Leave to File Under Seal (Doc. 58) filed jointly by Plaintiffs and Defendant Kirksville Missouri Hospital Company, LLC, d/b/a Northeast Regional Medical Center ("NERMC") (collectively, the "Settling Parties"). The time for the filing of responses to either motion has expired. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 15).

### I. Background

On October 7, 2019, Plaintiff Shelby Eagen, was admitted to NERMC for the purpose of induction of labor, under the care of her obstetrician. Complications arose, and Plaintiff's child, L.L, was delivered by emergency C-section on October 8, 2019. L.L. died on October 12, 2019. In the instant action, Plaintiff Eagen and L.L.'s father, Jeffery LaFountain, individually and as plaintiffs ad litem for L.L., assert one count of medical malpractice/wrongful death against Defendant NERMC and one count of medical malpractice/wrongful death against Defendant United States of America.

The claims against Defendant NERMC are principally based on the acts and omissions of a nurse at NERMC, and the claims against Defendant United States are principally based on the acts and omissions of Plaintiff Eagen's obstetrician. Plaintiffs allege that the defendants' acts or omissions caused or directly contributed to the pain, suffering, and death of L.L.

The case went to mediation on November 1, 2021. Although no settlement was reached at the mediation, Plaintiffs and NERMC were able to reach a settlement shortly thereafter.[1] Because the settlement involves a wrongful death claim brought pursuant to Missouri Revised Statute § 537.080, the settlement must be approved by the Court. In support of such approval, Plaintiffs submitted a Petition for Approval of Wrongful Death Settlement (Doc. 47), along with several supporting documents, including affidavits from each plaintiff, a copy of the Settlement Agreement and Release, a document describing the proposed distribution of settlement proceeds as between Plaintiffs and their attorney, and a copy of the fee contract between Plaintiffs and their attorney. The Settling Parties seek to keep several of these documents under seal. The Court will address the sealing issue first.

## II.     JOINT MOTION FOR LEAVE TO FILE UNDER SEAL

"Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978), and *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *IDT Corp.*, 709 F.3d at 1222 (quoting *Nixon*, 435 U.S. at 598) (internal citation omitted). "The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of*

---

[1] Plaintiffs' claims against the United States of America are not part of the settlement, and those claims are scheduled to proceed to trial in April 2022.

*Country Club Hills*, No. 4:19-CV-03410-SRC, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

In the parties' Joint Motion for Leave to File Under Seal, filed pursuant to Rule 13.05 of the Local Rules for the United States District Court for the Eastern District of Missouri, the parties request that three exhibits be filed under seal: Exhibit A, the parties' Settlement Agreement and Release (Doc. 59-1); Exhibit B, which shows the amount of the settlement that will go to Plaintiffs and the portion that will go to their attorneys for fees and expenses, along with documentation of attorney's fees and expenses (Doc. 59-2); and Exhibit C, the signed attorney fee agreement between Plaintiffs and their attorney (Doc. 59-3). In their Memorandum Supporting Sealing, filed pursuant to Rule 13.05 of the Local Rules for the United States District Court for the Eastern District of Missouri, the parties argue that the parties' interest in access to Exhibits A and B is minimal, if even existent, because neither the amount of the settlement paid by a private party to a private party nor the distribution of settlement proceeds between two married parents of a deceased baby and their attorney is a matter of public interest. They also argue that the substance of Plaintiffs' claims and Defendant NERMC's defenses are, in large part, stated in publicly accessible documents. They further argue that there are compelling reasons for keeping the exhibits under seal, noting that confidentiality is a term of the Settlement Agreement and Release and that Plaintiffs acknowledged in their affidavits that confidentiality was a

material term of the agreement. They also argue that Plaintiffs' private financial information should remain private.

The Court finds that the Settling Parties have shown compelling reasons for sealing Exhibits A and B. Based on the Settling Parties representations and the affidavits submitted by Plaintiffs, it appears likely that the settlement would not have been achieved had the Settling Parties believed that the terms would become public, and that Exhibits A and B contain private financial information that the Settling Parties have an interest in keeping private. Allowing such materials to remain confidential promotes the goal of encouraging settlement. *See, e.g., Long*, 2021 WL 1985054, at *1 ("The alternative dispute resolution process is a critical tool to aid parties in settling their claims, and settlements are often possible only if the terms are kept confidential. The public has an interest in encouraging settlements, which require fewer public resources than litigation."). The Court also agrees with the Settling Parties that the public interest in Exhibits A and B is minimal. The Court will therefore grant the motion to seal with respect to Exhibits A and B.

With regard to Exhibit C, the contingency fee contract between Plaintiffs and their attorney, the Settling Parties provide no argument in support of sealing. However, the Court notes that this filing contains the full name of the minor plaintiff, which should not appear in publicly filed documents pursuant to Local Rules 13.05(B)(1)(a) and 2.17(A)(2). The Court will therefore grant the motion to seal with regard to the minor's full name but will deny it in all other respects. The Settling Parties will be given a short time in which to file a redacted version of the fee contract that includes only the minor's initials.

### III.    PETITION FOR APPROVAL OF WRONGFUL DEATH SETTLEMENT

Under Missouri law, the Court must approve any settlement in a claim for damages under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080. Section 537.095 provides, in relevant part, that if multiple parties have standing to sue under the wrongful death statute, "any one or more

of them may compromise or settle the claim for damages with approval of any circuit court, . . . provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under Section 537.080." Mo. Rev. Stat. § 537.095.1. In addition, "upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court." *Id.* § 537.095.3. After apportioning damages, the Court is required to order the claimant to do the following:

> (1) To collect and receipt for the payment of the judgment;
> 
> (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted . . .;
> 
> (3) To acknowledge satisfaction in whole or in part for the judgment and costs;
> 
> (4) To distribute the net proceeds as ordered by the court; and
> 
> (5) To report and account therefor to the court. In its discretion the court may require the claimant to give bond for the collection and distribution.

*Id.* § 537.095.4.

The Court first considers whether the movants have diligently attempted to notify all parties having a cause of action under § 537.080. Pursuant to Mo. Rev. Stat. § 537.080, the persons with a cause of action for wrongful death are "the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or . . . the father or mother of the deceased, natural or adoptive." Mo. Rev. Stat. § 537.080.1(1). Plaintiffs have submitted affidavits stating that Plaintiff Eagan is the natural mother of L.L. and that Plaintiff LaFountain is the natural father of L.L. Accordingly, the Court concludes that all individuals who may have a cause of action under § 537.080 have been provided with notice of this case and are already parties.

The Court next considers whether to approve the total settlement amount. Although section 537.095 requires court approval of a settlement, "does not identify a standard for 'approval' of the

amount of a settlement." *Johnson v. City of Hazelwood*, No. 4:14CV00286 SNLJ, 2017 WL 492822, at *2 (E.D. Mo. Feb. 7, 2017). Other courts have taken guidance from § 537.090, which directs the trier of fact to award "such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned" and which lists several factors for the trier of fact to consider. [2] *See Johnson*, 2017 WL 492822, at *2;  *Long*, 2012 WL 1985054, at *2 & n.2. The Court's assessment of what is fair and just in the settlement context should "informed not only by the actual damages allowable under § 537.090, but also by the likelihood of success if the case were to be tried, both on questions of liability and allowable damages." *Johnson*, 2017 WL 492822. at *2.

Plaintiffs, who are represented by counsel, have negotiated a settlement with NERMC for all claims against NERMC, for the total amount of [REDACTED]. Plaintiffs state, in their affidavits, that they believe the terms of the settlement are fair and reasonable and in their best interest as beneficiaries. They also state that they believe it is in their best interest to waive a trial by jury and settle the claims against NERMC (while retaining the claims against the United States); that they understand that had their claims proceeded to trial, they might have recovered more, less, or nothing at all; and that they understand that the settlement is a full and complete settlement of all claims against

---

[2] Mo. Rev. Stat. § 537.090 states, in relevant part:

> In every action brought under section 537.080, the trier of the facts may give to the party or parties entitled thereto such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death and without limiting such damages to those which would be sustained prior to attaining the age of majority by the deceased or by the person suffering any such loss. In addition, the trier of the facts may award such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued. The mitigating or aggravating circumstances attending the death may be considered by the trier of the facts, but damages for grief and bereavement by reason of the death shall not be recoverable.

NERMC stated in the complaint. Based on the above, the Court finds that the settlement is fair and just.

The Court next considers the apportionment of the settlement amount between the two plaintiffs. The Settling Parties do not address apportionment in their briefs; they appear to contemplate simply that the settlement amount be paid jointly to Plaintiffs as the two married parents of the deceased infant. Missouri law requires the Court to apportion the damages "in proportion to the losses suffered by each as determined by the court." Mo. Rev. Stat. § 537.095.3. *See also Macke v. Patton*, 591 S.W.3d 865, 870-71 (Mo. 2019). Based on the submissions of the Settling Parties and the circumstances of L.L.'s death, the Court finds that the losses suffered by L.L.'s two parents are roughly equal and will apportion the settlement equally as between the two plaintiffs.

Finally, the Court considers the question of attorneys' fees and expenses. Generally, the Court is to order payment of attorney's fees "as contracted" out of the parties' respective settlement proceeds. Mo. Rev. Stat. § 537.095.4(2). *See also, e.g., Bishop v. Nico Terrace Apartments, LLC*, No. 4:09-CV-1718-MLM, 2010 WL 2556846, at *4 (E.D. Mo. June 23, 2010). Here, the fee agreement submitted indicates that Plaintiffs agreed to pay their attorney a contingent fee of 25% of the gross recovery, before expenses, and agreed to reimburse their attorney for all expenses incurred from the total settlement of the case, after distribution of attorney's fees. The Settling Parties' proposed distribution of the settlement proceeds in Exhibit B is consistent with that agreement, with attorney's fees to be awarded in the amount of [REDACTED] and case expenses in the amount of [REDACTED] to be deducted from the remaining amount of the settlement, leaving [REDACTED] to be distributed to Plaintiffs. Plaintiffs request in their affidavits that the settlement proceeds be distributed as outlined

in Exhibit B. The Court finds the agreed-upon distribution of fees and expenses to be reasonable and sees no basis for departing from the parties' fee contract.

For all of the above reasons, the Court approves the Settlement Agreement and Release and will order distribution of the settlement proceeds as set forth in Exhibit B.

### IV.   CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Joint Motion for Leave to File Under Seal (Doc. 58) is **GRANTED** with respect to Exhibits A and B to Plaintiffs' Memorandum Supporting Sealing (Docs. 59-1 and 59-2), and those documents shall remain sealed.

**IT IS FURTHER ORDERED** that the Joint Motion for Leave to File Under Seal (Doc. 58) is **GRANTED IN PART and DENIED IN PART** with respect to Exhibit C to Plaintiffs' Memorandum Supporting Sealing (Doc. 59-3). That document shall remain sealed, but no later than **Friday, January 7, 2021**, the Settling Parties shall file, with respect to Exhibit C to Plaintiffs' Memorandum Supporting Sealing (Doc. 59-3), a redacted version of the document in the public record that does not include the minor's full name.

**IT IS FURTHER ORDERED** that the Petition for Approval of Wrongful Death Settlement (Doc. 47) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant NERMC for injuries, damages, and losses be settled for the total amount of [REDACTED], inclusive of attorneys' fees and costs.

**IT IS FURTHER ORDERED** that the settlement proceeds be apportioned equally between the two plaintiffs.

**IT IS FURTHER ORDERED** that Plaintiffs shall collect payment and shall execute an acknowledgment of satisfaction with the Court within **fourteen (14) days** of receipt of a check for the

settlement amount from Defendant NERMC.

**IT IS FURTHER ORDERED** that attorney's fees and expenses shall be distributed as set forth in Exhibit B to Plaintiffs' Memorandum Supporting Sealing (Doc. 59-2).

**IT IS FURTHER ORDERED** that after the amounts set forth herein have been distributed to all persons owed money pursuant to this Order, Plaintiffs shall file a notice with the Court advising that the payments have been distributed as ordered. Following receipt of this notice, the Court will enter a separate order dismissing Plaintiffs' claims against Defendant NERMC with prejudice.

**IT IS FURTHER ORDERED** that this Memorandum and Order shall be **SEALED**. A redacted version of this Memorandum and Order will be filed on the public docket.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of December, 2021.