UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SHELBY EAGEN and JEFFERY LAFOUNTAIN, individually and as surviving parents of L.L., deceased, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:20-CV-56-SPM |
| | ) |
| KIRKSVILLE MISSOURI HOSPITAL COMPANY, LLC, and UNITED STATES OF AMERICA, | ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion and Memorandum in Support of Petition for Approval of Wrongful Death Settlement. (Doc. 83). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 15).

### I.    BACKGROUND

On October 7, 2019, Plaintiff Shelby Eagen, was admitted to NERMC for the purpose of induction of labor, under the care of her obstetrician. Complications arose, and Plaintiff's child, L.L, was delivered by emergency C-section on October 8, 2019. L.L. died on October 12, 2019. In the instant action, Plaintiff Eagen and L.L.'s father, Jeffery LaFountain, individually and as plaintiffs ad litem for L.L., asserted one count of medical malpractice/wrongful death against Defendant NERMC and one count of medical malpractice/wrongful death against Defendant United States of America. The claims against Defendant NERMC were principally based on the acts and omissions of a nurse at NERMC, and the claims against Defendant United States were principally based on the acts and omissions of Plaintiff Eagen's obstetrician. Plaintiffs alleged that the defendants' acts or omissions caused or directly contributed to the pain, suffering, and death of L.L.

Plaintiffs previously settled their claims against NERMC, and those claims have been dismissed. In the instant motion, Plaintiffs state that they have now reached an agreement with the United States to settle their claims against the United States. Because the settlement involves a wrongful death claim brought pursuant to Missouri Revised Statute § 537.080, the settlement must be approved by the Court. In support of such approval, on March 18, 2022, Plaintiffs submitted their Motion and Memorandum in Support of Petition for Approval of Wrongful Death Settlement. (Doc. 83), along with affidavits from each plaintiff. On March 21, 2022, Defendant filed a "Stipulation and Compromise Agreement and Release of Claims" (Doc. 84), which contains the terms of the settlement agreement.

## II.    DISCUSSION

Under Missouri law, the Court must approve any settlement in a claim for damages under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080. Section 537.095 provides, in relevant part, that if multiple parties have standing to sue under the wrongful death statute, "any one or more of them may compromise or settle the claim for damages with approval of any circuit court, . . . provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under Section 537.080." Mo. Rev. Stat. § 537.095.1.  In addition, "upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court." *Id.* § 537.095.3. After apportioning damages, the Court is required to order the claimant to do the following:

(1) To collect and receipt for the payment of the judgment;

(2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted . . .;

(3) To acknowledge satisfaction in whole or in part for the judgment and costs;

(4) To distribute the net proceeds as ordered by the court; and

(5) To report and account therefor to the court. In its discretion the court may require the claimant to give bond for the collection and distribution.

*Id.* § 537.095.4.

On March 28, 2021, the Court held a hearing on the motion, by videoconference, at which Plaintiffs and both counsel were present. Counsel and Plaintiffs both indicated, on the record, that they believed that the affidavits and submissions contained all evidence necessary to approve the settlement.

The Court first considers whether the movants have diligently attempted to notify all parties having a cause of action under § 537.080. Pursuant to Mo. Rev. Stat. § 537.080, the persons with a cause of action for wrongful death are "the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or . . . the father or mother of the deceased, natural or adoptive." Mo. Rev. Stat. § 537.080.1(1). Plaintiffs have submitted affidavits stating that Plaintiff Eagan is the natural mother of L.L. and that Plaintiff LaFountain is the natural father of L.L. Accordingly, the Court concludes that all individuals who may have a cause of action under § 537.080 have been provided with notice of this case and are already parties.

The Court next considers whether to approve the total settlement amount. Although section 537.095 requires court approval of a settlement, it "does not identify a standard for 'approval' of the amount of a settlement." *Johnson v. City of Hazelwood*, No. 4:14CV00286 SNLJ, 2017 WL 492822, at *2 (E.D. Mo. Feb. 7, 2017). Other courts have taken guidance from § 537.090, which directs the trier of fact to award "such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned" and which lists several factors for the trier of fact to consider. [1] *See Johnson*,

---

[1] Mo. Rev. Stat. § 537.090 states, in relevant part:

In every action brought under section 537.080, the trier of the facts may give to the party or parties entitled thereto such damages as the trier of the facts may deem fair and

2017 WL 492822, at *2;  *Long v. Gyrus ACMI, Inc.*, No. 4:18-CV-00004-SEP, 2021 WL 1985054, at *2 & n.2 (E.D. Mo. May 18, 2021)*.* The Court's assessment of what is fair and just in the settlement context should be "informed not only by the actual damages allowable under § 537.090, but also by the likelihood of success if the case were to be tried, both on questions of liability and allowable damages." *Johnson*, 2017 WL 492822. at *2.

Plaintiffs, who are represented by counsel, have negotiated a settlement with Defendant United States for all of their claims against Defendant United States, for the total amount of $900,000. Plaintiffs state, in their affidavits, that they believe the terms of the settlement are fair and reasonable and in their best interest as beneficiaries. They also state that they believe it is in their best interest to waive a trial by the Court and settle the claims against Defendant United States; that they understand that had their claims proceeded to trial, they might have recovered more, less, or nothing at all; and that they understand that the settlement is a full and complete settlement of all claims against Defendant United States stated in the Complaint. Based on the above, the Court finds that the settlement is fair and just.

The Court next considers the apportionment of the settlement amount between the two plaintiffs. Missouri law requires the Court to apportion the damages "in proportion to the losses suffered by each as determined by the court." Mo. Rev. Stat. § 537.095.3. *See also Macke v. Patton*,

---

just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death and without limiting such damages to those which would be sustained prior to attaining the age of majority by the deceased or by the person suffering any such loss. In addition, the trier of the facts may award such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued. The mitigating or aggravating circumstances attending the death may be considered by the trier of the facts, but damages for grief and bereavement by reason of the death shall not be recoverable.

591 S.W.3d 865, 870-71 (Mo. 2019). Plaintiffs propose that the settlement amount be split equally between the two plaintiffs. The Court finds that the losses suffered by L.L.'s two parents are roughly equal and will apportion the settlement equally as between the two plaintiffs.

Finally, the Court considers the question of attorneys' fees and expenses. Generally, the Court is to order payment of attorney's fees "as contracted" out of the parties' respective settlement proceeds. Mo. Rev. Stat. § 537.095.4(2). *See also, e.g., Bishop v. Nico Terrace Apartments, LLC*, No. 4:09-CV-1718-MLM, 2010 WL 2556846, at *4 (E.D. Mo. June 23, 2010). Here, the fee agreement submitted[2] indicates that Plaintiffs agreed to pay their attorneys a contingent fee of 25% of the gross recovery, before expenses, and agreed to reimburse their attorney for all expenses incurred from the total settlement of the case after distribution of attorney's fees. The proposed distribution of the settlement proceeds in the Motion and Memorandum in Support of Petition for Approval of Wrongful Death Settlement is consistent with that agreement, Plaintiffs' counsel to receive $225,000 in attorneys' fees, plus case expenses incurred in the amount of $6,319.32. This means that $231,319.32 will be distributed to Plaintiffs' attorneys and $668,680.68 will be distributed to Plaintiffs. The Court finds the agreed-upon distribution of fees and expenses to be reasonable and sees no basis for departing from the parties' fee contract.

For all of the above reasons, the Court will grant Plaintiffs' Motion and Memorandum in Support of Petition for Approval of Wrongful Death Settlement and will order distribution of the settlement proceeds as set forth below.

## III.   CONCLUSION

For the reasons set forth above,

---

[2] The fee agreements was not submitted in connection with the instant motion, but it was submitted in connection with Plaintiffs' earlier motion to approve Plaintiffs' settlement of claims against NERMC. (Doc. 71).

**IT IS HEREBY ORDERED** that Plaintiffs' Motion and Memorandum in Support of Petition for Approval of Wrongful Death Settlement (Doc. 83) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Court approves the settlement of Plaintiffs' claims against Defendant United States for injuries, damages, and losses for the total amount of $900,000, inclusive of attorneys' fees and costs.

**IT IS FURTHER ORDERED** that the settlement proceeds, after deducting attorney's fees and expenses, shall be apportioned equally between the two plaintiffs.

**IT IS FURTHER ORDERED** that attorney's fees and expenses in the amount of $231,319.32 shall be paid to Plaintiffs' attorneys. The remaining $668,680.68 shall be paid in equal portions to Plaintiffs Shelby Eagen and Jeffrey LaFountain.

**IT IS FURTHER ORDERED** that Plaintiffs shall collect payment and shall execute an acknowledgment of satisfaction with the Court within **fourteen (14) days** of receipt of a check for the settlement amount from Defendant United States.

**IT IS FURTHER ORDERED** that after the amounts set forth herein have been distributed to all persons owed money pursuant to this Order, Plaintiffs shall file a notice with the Court advising that the payments have been distributed as ordered. Following receipt of this notice, the Court will enter a separate order dismissing Plaintiffs' claims against Defendant United States with prejudice.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of April, 2022.